## DOVE v. THE STATE OF ARKANSAS.

37 261
72 118
37 261
84 149

1. CRIMINAL LAW: *Presumption from age of prisoner.*
   By Statute, an infant under twelve years of age cannot be convicted of any crime or misdemeanor; and the common law presumption that one between the ages of twelve and fourteen years is incapable of discerning good from evil until the contrary be affirmatively shown, still prevails.

2. LARCENY: *The intention in taking the property.*
   When one takes another's horse, without any intention of converting him to his own use, but to ride him for some miles, which he does, and then abandons him, it is a trespass, but not larceny.

3. CRIMINAL EVIDENCE: *Proving one felony by evidence of another.*
   Generally it is not competent to prove one guilty of one felony by proving him guilty of another; but when several felonies are committed together, and form parts of one entire transaction, then one is evidence to prove the character of the other.

APPEAL from *Lincoln* Circuit Court.

Hon. X. J. PINDALL, Circuit Judge.

*D. H. Rousseau*, for appellant :

Insists that the court erred in giving to the jury *Sec.* 1358: *Gantt's Digest*. The punishment for larceny of the animals named therein is not fixed by that section, but by the *Act of 22nd March, 1881.* See *Acts 1881, pp.* 144, 145.

*C. B. Moore, Attorney-General*, for the State :

The admission of the evidence that appellant stole the bridle is too slight an error to reverse the judgment.

There is no other error, unless, possibly, on the ground of *surprise in the evidence of the father*. The court should have granted a new trial.

ENGLISH, C. J. The appellant, Dove, was indicted in the Circuit Court of Lincoln county, for stealing a bay mare, of the value of $100, the property of J. M. Martin. The jury found him guilty, and fixed his punishment at imprisonment in the penitentiary for five years. A new trial was refused him, and he was sentenced in accordance with the verdict,

It was not made ground of the motion for a new trial that the court committed any error in its instructions to the jury.

There is nothing in the first ground assigned that the verdict was contrary to law. It was responsive to the allegations of the indictment, in good form, and fixed the punishment of the accused at the shortest period of imprisonment in the penitentiary prescribed by the Statute for the offense charged. *Gantt's Digest, sec.* 1358.

Dove v. The State.

I. The assignment that the verdict was contrary to the evidence, deserves grave consideration, in view of the age of the accused.

According to the testimony of William Dove, the father of appellant, he was born in March, 1867, and was, therefore, between twelve and thirteen years of age on the tenth day of August, 1879, the time at which the offense is alleged to have been committed.

By the common law, if a child more than seven and under fourteen years of age is indicted for a felony, it will be left to the jury to say whether the offense was committed by the prisoner, and if so, whether, at the time of the offense, the prisoner had a guilty knowledge that he or she was doing wrong. The presumption of law is, that a child of that age (between seven and fourteen) has not such guilty knowledge, unless the contrary be proved by the evidence. 1 *Hale, Pleas of the Crown,* (1 *American Ed., notes by Stokes & Ingersoll*), *p.* 25 *to.* 28, and cases cited.

By Statute :—"An infant under twelve years of age shall not be found guilty of any crime or misdemeanor." *Gantt's Digest, sec.* 1230.

Yet when the accused is between the ages of twelve and fourteen, the common law presumption still prevails that he or she is not *doli capax,* or capable of discerning between good and evil, until the contrary is affirmatively shown by evidence.

No witness was examined as to the intelligence of appellant, or as to his knowledge of right and wrong, good and evil.

Without his own confession there was not sufficient evidence (putting aside hearsay) that he took the mare from the lot of the owner and rode her away.

LORD HALE said that the circumstances should be inquired

into by the jury, and the infant should not be convicted upon his own confession. 1 *Hale, P. C.*, 27.

The rule is stated in note to 1 *Hale*, above cited, thus: "From the supposed, imbecility of mind, the protective humanity of the law will not, without anxious circumspection, permit an infant to be convicted on his own confession. Yet if it appear, by strong and pregnant evidence and circumstances, that he was perfectly conscious of the nature and malignity of the crime, the verdict of a jury may find him guilty," etc.

The rule was so expressed in a case of murder where the accused was between the ages of twelve and fourteen.

2. LARCE-NY: Intention in taking property. Moreover, it is doubtful upon all the evidence, including the confession of appellant, whether the mare was taken with a felonious intent. It appears that on the evening of the tenth of August, his father had threatened to whip him for disobedience, and on the following night he took the mare from the lot of the owner, rode her some miles, turned her loose, and then traveled on, on foot, to the house, where he was found and arrested. If he did not intend to convert the mare to his own use, when he took her from the lot, but his intention was to ride her for some miles, as he did, to escape a whipping, and then abandon her, it was a trespass, and not a theft. *Roscoe, Cr. Ev., p.* 590.

II. Jacob Martin, the owner of the animal, a witness for the State, after stating where he found the mare, and where he found and arrested appellant, and that when he brought him back to where he turned the mare loose, he went out in the bush, and got the bridle he said he had ridden the mare with, was permitted to state, against the objection of the counsel of appellant, "that the bridle belonged to another man ; that the bridle belonged to Taggart, from whom he (appellant) had stolen it ;" and the admis-

sion of this evidence was made ground of the motion for a new trial.

Generally speaking, it is not competent to prove a man guilty of one felony, by proving him guilty of another; but where several felonies are connected together, and form part of one entire transaction, then one is evidence to prove the character of the other. *Baker* v. *State*, 4 *Ark.*, 61.

**3. EVI-DENCE: Proving one felony by evidence of another.**

The form in which the statement of the witness objected to was made, was calculated to prejudice appellant in the minds of the jurors. The witness did not state when nor where appellant stole the bridle from Taggart. The mare was taken from the lot of her owner, on the tenth of August. If the bridle was stolen from another person, and at a different time and place, it was a distinct offense, though appellant used it in riding the mare.

Upon the whole record, we think it safer to reverse the judgment, and remand the case for a new trial.