Export Insurance Company *v.* Royster.

Opinion delivered July 9, 1928.

*Price Shofner,* for appellant.

*Edward B. Dillon* and *Louis Tarlowski,* for appellee.

HART, C. J., (after stating the facts). Counsel for appellant assign as error the action of the court in instructing the jury as follows:

"Now, gentlemen, when the plaintiff proves that his car was delivered to the garage and that he went back for it and that it was missing, without his knowledge or consent, then that would be *prima facie* evidence of the fact that the car was stolen."

We think counsel for appellant are correct in their contention. The policy insures the owner against loss or damage to the automobile by reason of theft, robbery or pilferage. Liability is claimed for loss suffered by reason of the automobile being stolen by one of the servants of the Smith Auto Livery Company while it was stored in the garage of that company. There is nothing in the policy that indicates that the word ''theft'' was used in other than its legal signification.

There is a conflict in the authorities as to whether or not, to constitute larceny, it is necessary to show that there was an intent to convert the property to the use of the taker. On the one hand it is held that, to constitute the offense of larceny, it is not necessary that the taking should have been with an intent to appropriate the property to the use or benefit of the taker. The felonious intent consists in the purpose of depriving the owner of his property, and no benefit to the guilty agent may be sought, but only injury to the owner. On the other hand, this court has held, in common with other courts, that, to constitute larceny, there must be an intent to convert the property to the taker's own use. *Dove* v. *State*, 37 Ark. 261. The reason for so holding has been tersely given by the Court of Appeals of Kentucky in *Ford* v. *Commonwealth*, 175 Ky. 126, 193 S. W. 1026, where the court said:

''To constitute the crime of larceny, the intent with which the property was taken must be felonious. In the language of the common law, it must be done *animo furandi*. To take property in the absence of an intention to steal, that is, an intention to convert the same to the use of the taker and permanently to deprive the owner thereof, is not larceny, though under proper conditions it may constitute a trespass.''

The authorities on both sides of the question may be found annotated in 12 A. L. R. 804-809. In the casenote referred to, it is said that the weight of authority is against the view taken by this court in the Dove case, but we can perceive no good reason for overruling the rule laid down in that case, for it seems to have been fol-

lowed by the court ever since. At the least, it has not been expressly overruled, and our attention has not been called to any case where the doctrine there announced has been impliedly overruled.

Therefore we adhere to the rule announced in that case, and it necessarily follows that the instruction complained of was erroneous. Where, to constitute larceny, the taking must have been with an intent to appropriate the same to the taker's own use and benefit, an instruction which defines larceny merely as a taking with an intent to deprive the owner thereof is erroneous. Such is the effect of the instruction complained of.

Moreover, we think the instruction is erroneous because it, in effect, is an expression of the opinion of the trial judge as to the weight to be given to certain proved facts, and this, under our Constitution, can never be done.

It is also earnestly insisted by counsel for appellant that the evidence is not legally sufficient to sustain the conviction. We cannot agree with counsel in this contention. While the jury might have found that the servant of the Smith Auto Livery Company took the car out of the garage for a drive and intended to return it to the garage, and was prevented from doing so because of the wreck of the car, still, on the other hand, the jury might have found that the servant intended to appropriate the car to his own use, and was prevented from doing so because it was so badly wrecked when it collided with the iron pole at Ninth and Broadway Streets.

Because the court erred in instructing the jury as above set forth, the judgment will be reversed, and the cause remanded for a new trial.

SMITH, J., concurs.