The opinion of the court was delivered by
Breaux, J.
The defendant was indicted for forgery. The note he is charged with having forged reads:
“$69.38. On or by the 16th day of November next, we, or either *1333 of us, promise to pay J. P. Readhiner, or bearer, the sum of sixty-nine dollars and thirty-eight cents for value received of him, bearing eight per cent, from date till paid.
“This, February 3, 1890: Henry Weber, Boston Thomas, Adolphus Taylor, Mason Ray, MatBeavers, Jr., Mat Beavers, Sr., Anderson Forley, Joe Forley, Jr., E. R. Taylor, J. R. Weaver.
“I was authorized to sign the above names. I secured the order.
“ E. R. Taylor.”
He moved to quash the indictment, on the ground that the facts charged do not constitute the crime of forgery.
This motion was sustained by the District Court.
From the order quashing the indictment the State appealed.
Without brief or oral argument the appeal was submitted for decision.
The defendant is charged with having made an instrument purporting to be a note signed by a number of persons.
The facts, as charged, are that he executed an instrument purporting on its face to be executed by him as agent.
Assuming that the facts are correctly charged, forgery is not the crime the defendant has committed.
Forgery is defined as the making or altering of a writing so as to make the alteration purport to be the act of another person.
This definition does not embrace the making of a note per procuration of the party whom he intends to represent. The false assumption of authority is not the forgery denounced by the statute, and by falsely assuming to act as agent the maker of the instrument does not make the alteration purport to be the act of another. It is his own unauthorized and wrongful act, and not the fraudulent falsifying of another’s name, as in forgery.
It was not a false making of another’s signature. It did not purport to be the signatures of the drawers personally, but their signatures as written by the defendant acting as an agent.
He did not personate others and fraudulently write their names, but stated on the face of the instrument that he was an authorized .agent. '
This did not constitute forgery, though he may have had no authority in fact.
The agency expressed takes the instrument out of the category of false making in the sense of forgery.
*1334 Mr. Wharton, in his works on Criminal Law, Vol. 1, p. 668, 8th Ed., says: “That to sign the name of another, without authority, is forgery when similitude is attempted. ’’
There was no attempt made to imitate the signatures of the drawers or to impose by attempting to create the impression that they had signed. To constitute the offence there must be some attempt made to imitate a genuine instrument and the writing falsely made must purport to be the writing of another.
These elements of forgery are not proved by the instrument copied in the indictment.
Erom Archbold’s, Vol. 11, p. 819, we quote as pertinent:
“ If a man draw, accept or endorse a bill of exchange in the name of another, without his authority, it is forgery. But if he sign it with his own name per procuration of the party whom he intends to represent, it is no forgery; it is no false making of the instrument, but merely a false assumption of anthority.”
Mr. Bishop, in his Criminal Law, Vol. 2, p. 582, is equally clear and positive that “endorsing a bill of exchange, under a false assumption of authority to indorse it per procuration is not forgery, there being no false making.”
The crime charged was false making and forgery.
The facts upon which the charge is based do. not support the indictment.
In fine, we are persuaded, after an examination of a number of authorities, that an instrument which shows on its face that the person signed as agent of the drawer of a note can not be the subject of forgery.
The act has not one of the essentials of the crime of forgery — a false writing of an instrument apparently genuine.
The falsehood, if there is falsehood, is in the agency, in omissions tp act as agent and not in forging- an instrument.
.It is therefore ordered, adjudged and decreed .that, the judgment appealed from quashing the indictment be affirmed.