72  117
f 84  149

HARRISON *v.* STATE.

Opinion delivered January 9, 1904.

1. INFANCY—PRESUMPTION AS TO INCAPACITY TO COMMIT CRIME.—Where the accused is between the ages of 12 and 14, the common law presumption still prevails that he is incapable of crime, and the burden is on the state to prove that he has mental capacity enough to know right from wrong in relation to the offense charged. (Page 118.)

2. FORGERY—EVIDENCE—That a check or draft was drawn by defendant on a bank not indebted to him, and signed with the name by which defendant was usually known, does not constitute forgery. Page 119.)

Appeal from Crawford Circuit Court.

JEPTHA H. EVANS, Judge.

Reversed.

STATEMENT BY THE COURT.

Simon Harrison was indicted for forgery and uttering a forged instrument at the June term, 1903, of the Crawford circuit court. He was acquitted of the forgery, and convicted of uttering a forged instrument. He filed a motion for a new trial, which was overruled, to which he excepted and appealed to this court. The instrument he is charged with uttering, as set out in the indictment, is in the following words and figures, towit:

"Van Buren, Ark., 189—.    No.—.
"Crawford county Bank pay to Jim Bairett or Bearer $550. S. a. Barret, pu-ub Dollars.   Crawford County Bank Building.
                                "Campbell."

The evidence in the case showed that the defendant was a negro boy thirteen years old. There was no evidence introduced, and no attempt made to show, that he knew right from wrong in relation to the offense of uttering a forged instrument, but the testimony tended to show that he was not bright, that he was backward, and at times did not seem to be right. It also appears from the evidence that the boy was generally known by the name of Campbell, which name was signed to the check or instrument alleged to have been forged and uttered as genuine.

*Chew & Fitzhugh,* for appellant.

The court erred in not granting defendant a new trial because of his being under the age of legal capacity to commit crime. 37 Ark. 261. The court also erred in overruling the demurrer to the indictment, and in refusing to admit evidence by him offered to prove that the instrument claimed to have been forged could not have deceived a person of ordinary intelligence. 1 Whart. Cr. Law, § § 696, 700; 1 Wend. 198; 59 Ind. 70; 2 Lea, 53.

*Geo. W. Murphy, Attorney General,* for appellee.

HUGHES, J. (after stating the facts.) The court is of the opinion that the testimony in the case fails to show that the defendant was amenable to the law for uttering a forged instrument, as he was, as shown by the evidence, only of the age of thirteen years, and there was no evidence that he had sufficient intelligence to know right from wrong in relation to the offense with which he was charged. "An infant under 12 years of age shall not be found guilty of any crime or misdemeanor." Sand. & H. Dig., § 4442.

The law presumed that a boy thirteen years of age is incapable of committing a crime, and it devolved on the state to show that he had mental capacity and intelligence enough to know right from wrong in reference to the offense with which he was charged. In this the state failed, and the presumption of his incapacity, in the absence of such proof, must prevail. In *Dove* v. *State,* 37 Ark. 261, it is said that "when the accused is between the ages of 12 and 14, the common law presumption still prevails that he or she is not *doli capax,* or capable of discerning between good and evil,

until the contrary is affirmatively shown by the evidence. No witness was examined as to the intelligence of appellant, or as to his knowledge of right and wrong, good and evil."

The defendant was charged with uttering a forged instrument, which instrument is shown to have been signed "Campbell." The proof in the case shows that the appellant was generally known as Campbell. It therefore appears that the instrument was not forged, but was simply an instrument—check or draft—drawn by appellant on the bank, and signed by him by a name by which he was generally known, and was not paid by the bank, which owed him nothing, and with which he had no funds on deposit. This was not forgery.

Reversed and remanded for a new trial.