STATE *v.* ADCOX (TWO CASES).

Opinion delivered June 21, 1926.

1. FORGERY—FALSE STATEMENT.—The term "forge or counterfeit any writing whatever" in Crawford & Moses' Dig., § 2642, relating to forgery, refers to a writing as being forged and not to the falsity of its statements, and a false statement of fact in an instrument, which is itself genuine, and by which another person is deceived or defrauded, is not a forgery.

2. FORGERY—ELEMENTS OF OFFENSE.—A person signing his own name to a check and using it to obtain credit in a lawsuit against him is not guilty of forgery, though done for the purpose of defrauding another.

Appeal from Jackson Circuit Court; *Dene H. Coleman,* Judge; affirmed.

STATEMENT BY THE COURT.

In both of these cases the Attorney General has sued out a writ of error to obtain a review of the record.

In No. 3222, T. J. Adcox was indicted for forgery and uttering a forged instrument.

The defendant filed a demurrer to the indictment, which was overruled as to the first count and sustained as to the second count of the indictment.

The prosecuting attorney then entered a *nolle prosequi* as to the first count and prayed an appeal to the Supreme Court as to the second count, which charged defendant with the crime of uttering a forged instrument, which prayer was by the court refused. Whereupon the State, through its Attorney General, obtained a writ of error to review the proceedings as above indicated.

The second count of the indictment reads as follows:

"And the grand jury aforesaid, in the name and by the authority aforesaid, further accuse the said T. J. Adcox of the crime of uttering a forged instrument, committed as follows: The said T. J. Adcox, in the county and State aforesaid, on the 16th day of July, 1925, fraudulently and feloniously did utter and publish as true, in a proceeding in Jackson Chancery Court, wherein the Farmers' National Bank of Newport, Arkansas, is plain-

tiff and T. J. Adcox is defendant, and more particularly at the taking of the deposition of F. J. Harmon, in said cause, on behalf of the plaintiff, a certain forged and counterfeited writing on paper purporting to be a bank check, which said writing on paper is in words and figures as follows:

" 'Newport, Ark., Jan. 6, 1920.

" 'FARMERS' NATIONAL BANK.

" 'Pay to the order of...................................................................................

By Cash

Four hundred eight six 72-100 dollars

" 'T. J. Adcox

" 'H.'

"The said forged and counterfeited writing on paper being then and there uttered and published by the said T. J. Adcox as true in said proceeding, with the felonious intent then and there unlawfully, fraudulently and feloniously to obtain credit on his indebtedness to said Farmers' National Bank of Newport, Arkansas, to which he was not entitled, and to cause said Farmers' National Bank of Newport, Arkansas, to be injured in its lawful rights, then and there well knowing said writing on paper to be forged and counterfeited, as aforesaid, against the peace and dignity of the State of Arkansas."

It is conceded that the same question of law is presented in case No. 3223 as is presented in case No. 3222.

*H. W. Applegate*, Attorney General, *John L. Carter*, Assistant, *F. M. Pickens* and *H. U. Williamson*, for appellant.

*Otis W. Scarborough* and *McCaleb & McCaleb*, for appellee.

HART, J., (after stating the facts). The Attorney General says that the indictment is based on § 2462 of Crawford & Moses' Digest, which reads as follows: "If any person shall forge or counterfeit any writing whatever, whereby fraudulently to obtain the possession or to deprive another of any money or property, or cause him to be injured in his estate or lawful rights, or if he shall utter and publish such instrument, knowing it

to be forged and counterfeited, he shall, on conviction, be confined in the penitentiary not less than two nor more than ten years.''

In *Goucher* v. *State,* 204 N. W. 967, 41 A. L. R. 227, the Supreme Court of Nebraska held that the genuine making of a false instrument in writing is not generally a forgery, and that this is the usual interpretation of the courts, unless otherwise provided by the forgery statutes themselves.

The court said that a check bearing the genuine signature of the maker, though drawn on the bank in which the maker has no money or credit, with the intention of cheating the payee or the bank, is not a forgery. The term, ''forge or counterfeit any writing whatever,'' refers to the writing as being forged, and not to the falsity of its statements. A false statement of fact in an instrument which is itself genuine, by which another person is deceived or defrauded, is not forgery. *Rose* v. *State,* 64 Col. 332, 171 Pac. 359, L. R. A. 1918C, 1193.

In a case-note to 41 A. L. R., at page 231, it is said that, while there is a conflict in the authorities upon the subject, the majority view is that, under the common law and under statutes defining forgery in the substantial language of the common law, the genuine making of an instrument for the purpose of defrauding does not constitute the crime of forgery. Numerous cases from the Federal court and from the various State courts of last resort are cited which sustain the annotator.

According to the allegations of the indictment, the check in this case was written by the defendant for the purpose of defrauding the Farmers' National Bank upon which it was drawn and was so used by him in a civil action wherein said bank was the plaintiff and T. J. Adcox was the defendant.

According to the allegations of the indictment, the defendant, T. J. Adcox, signed his own name to a check on the Farmers' National Bank and used the same to obtain credit in a lawsuit brought against him in the chancery court by said bank. He signed his own name

to the check, and is not guilty of forgery, although it was done for the purpose of defrauding another. The falsity of the instrument consists in its purporting to be the check of some other person than the one actually making the signature. *People* v. *Bendit,* 111 Cal. 277; 43 Pac. 901, 31 L. R. A. p. 831; *People* v. *Cole,* 130 Cal. 13, 62 Pac. 274; *State* v. *Ford,* 89 Ore. 121, 172 Pac. 802; *State* v. *Young,* 46 N. H. 266, 88 Am. Dec. 212; *New Mexico* v. *Gutierrez,* 13 N. M. 312, 84 Pac. 525, 5 L. R. A. (N. S.) 375; and *People* v. *Pfeiffer,* 243 Ill. 200, 90 N. E. 680, 17 Ann. Cas. 703, 26 L. R. A. (N. S.) 138.

T. J. Adcox was charged with uttering a forged instrument, and, in a prosecution for uttering a forged writing, before there can be a conviction, the State must prove that the instrument offered was a forgery. *Maloney* v. *State,* 91 Ark. 485, 121 S. W. 728. In that case it was held that forgery may be committed by the use of a fictitious name with the intention to defraud. The reason is that, if the drawer of the check has no existence, the name must have been affixed by some one without authority, and such act constitutes forgery.

But in *Harrison* v. *State,* 72 Ark. 117, 78 S. W. 763, it was held that forgery is not committed by drawing a check on a bank in which the drawer has no funds, in the name by which he is generally known, although it is not his real name.

As we have already seen, the instrument in question was not a forgery because T. J. Adcox signed his own name to it, and the circuit court properly sustained a demurrer to the second count in the indictment, which charged T. J. Adcox with uttering a forged instrument.

The conclusion we have reached renders is unnecessary to consider or determine the other objections to the indictment.

The judgment in each case will therefore be affirmed.