(117 So. 829)

No. 29283.

STATE v. LEBO.

July 2, 1928.

George K. Perrault, of Opelousas, for appellant.

Percy Saint, Atty. Gen., and R. Lee Garland, Dist. Atty., of Opelousas (E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

ROGERS, J. The appellant was convicted of forging the name of the payee, in an indorsement on a check drawn to the order of Doxie Manuel by F. B. Odom, and of uttering the forged instrument. His defense was that he signed the name of Doxie Manuel, the payee, on the reverse of the check, with the consent of Manuel, which he indicated by adding the words, "by W. P. Lebo."

■ After all the evidence had been heard, and the trial judge had delivered his charge, the defendant requested a special charge to the effect that, if the jury found, as a fact, that defendant at the time of the alleged forgery signed the name of Doxie Manuel, and wrote immediately beneath his name, "by W. P. Lebo," the additional words showed an absence of an essential element of the crime of forgery, and, consequently, there was neither a forgery nor an uttering within the terms of the statute, and the defendant should be acquitted. The trial judge refused to give the requested charge. We think his refusal to do so constitutes reversible error.

In Archbold's Criminal Law, vol. 2, at page 819, we find the following statement of the general rule, viz.:

"If a man draw, accept, or indorse a bill of exchange, in the name of another, without his authority, it is forgery; but, if he sign it with his own name per procuration of the party he intends to represent, it is no forgery; it is no false making of the instrument, but merely a false assumption of authority."

In Wharton on Criminal Law, vol. 1, p. 668, 8th Ed., it is said:

"That to sign the name of another, without authority is forgery, where similitude is attempted."

Under the contention of the defendant, no attempt was made to imitate the signature of Doxie Manuel, or to impose by creating the impression that he had indorsed the check. The falsehood perpetrated by defendant, if there be a falsehood, was in his false claim of agency, and not in his forging the instrument.

■ In a prosecution for forgery, a defendant cannot be convicted of having falsely assumed to act as agent. State v. Taylor, 46 La. Ann. 1332, 16 So. 190, 25 L. R. A. 591, 49 Am. St. Rep. 351.

For the reasons assigned, the conviction and sentence appealed from are set aside, and this case is remanded to the district court for a new trial.