Wayne S. MARTENEY, Appellant,

v.

UNITED STATES of America, Appellee.

C. M. HENDERSON, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 4869, 4870.

United States Court of Appeals Tenth Circuit.

Nov. 3, 1954.

Emmet A. Blaes, Wichita, Kan. (A. Lewis Oswald, Hutchinson, and Roetzel Jochems, Wichita, Kan., were with him on the brief), for appellants.

William C. Farmer, Wichita, Kan. (Richard J. Blanchard, Washington, D. C., was with him on the brief), for appellee.

Before HUXMAN, MURRAH and PICKETT, Circuit Judges.

MURRAH, Circuit Judge.

After having been sentenced and committed on pleas of guilty to separate counts of an indictment intending to charge violations of Section 2314, Title 18 U.S.C., the appellants separately moved to arrest the judgments on the

grounds that the counts involved in the indictment failed to charge a federal offense. Treating the pleadings as motions to vacate under Section 2255, Title 28 U.S.C., the trial court concluded that the pertinent counts did charge a violation of Section 2314 and denied the motions. These separate appeals are from the judgments of sentence and the orders overruling the motions.

■■■ The "motions in arrest of judgment", having been filed more than five days after determination of guilt, were untimely under Rule 34 of the Federal Rules of Criminal Procedure, 18 U.S.C.A.,[1] and the government takes the preliminary position that the trial court was without authority to treat the pleadings as motions to vacate under Section 2255 for the purpose of considering the legal questions raised by the motions. Section 2255 specifically authorizes "A prisoner in custody under sentence of a court * * * claiming * * * that the court was without jurisdiction to impose such sentence * * * may move the court which imposed the sentence to vacate, set aside or correct the sentence * * * at any time." Treated as motions to vacate, the pleadings were undoubtedly timely to challenge the legal sufficiency of the counts in the indictment to state a federal offense. Having in mind that it is the content of the pleadings and not the label which determines their nature and effect, we can see no impropriety in the court's treatment of the pleadings as motions to vacate under Section 2255.

■■■ A plea of guilty to an indictment is an admission of all nonjurisdictional facts alleged in the charge, and when the judgment of sentence is collaterally attacked under Section 2255, the sentencing court, indulging in the presumption of regularity, will not disturb its judgment unless the indictment or informa-

tion shows upon its face that no federal offense has been committed. We have said that "The test of the sufficiency of the indictment on a motion to vacate a sentence is whether the indictment by any reasonable construction can be said to charge the offense for which the sentence was imposed." Byers v. United States, 10 Cir., 175 F.2d 654, 656. See also Pulliam v. United States, 10 Cir., 178 F.2d 777; Kreuter v. United States, 10 Cir., 201 F.2d 33; United States v. Gallagher, 3 Cir., 183 F.2d 342; Barnes v. United States, 8 Cir., 197 F.2d 271. If, however, it affirmatively appears on the face of the indictment or information that no federal offense was committed, the charge is vulnerable to collateral attack by a motion under Section 2255. See Kreuter v. United States, supra. And this is so even in the face of a guilty plea, for one cannot plead guilty to an offense which is not affirmatively stated in the charge. It is proper, therefore, for us to examine the allegations of the pertinent counts in the indictment for the purpose of determining whether, by any reasonable construction, they can be said to state a federal offense. This is the test applied by the trial court and it is the test here.

Count Eight of the indictment, to which appellant Henderson pleaded guilty, pertinently charged both the appellants with having unlawfully and with fraudulent intent transported in interstate commerce "a falsely made, forged, altered and counterfeited security purporting to be a warehouse receipt of the Garden Grain and Seed Company * * * evidencing that 60,000 bushels of No. 2 yellow milo were received in store from C. M. Henderson of Farwell, Texas, on November 6, 1951, knowing the same to have been falsely made, forged, altered and counterfeited, in that the Garden Grain and Seed Company did not receive any milo in store from

---

1. Rule 34. Arrest of Judgment. The court shall arrest judgment if the indictment or information does not charge an offense or if the court was without jurisdiction of the offense charged. The motion in arrest of judgment shall be made within five days after determination of guilt or within such further time as the court may fix during the five-day period.

the said C. M. Henderson and the said Garden Grain and Seed Company on said date was actually short such grain in an amount exceeding 380,000 bushels." With the exception of dates, points of interstate transportation and different warehouse receipts, Counts Ten and Thirteen, to which Marteney pleaded guilty, are identical to Count Eight. As we have seen, the indictments are laid under Section 2314 which, among other things, makes it a federal offense to unlawfully and with fraudulent intent transport in interstate commerce "any falsely made, forged, altered, or counterfeited securities, knowing the same to have been falsely made, forged, altered, or counterfeited * * *."

■ As used in criminal statutes, the words "falsely made" and "forged" are homogeneous, partaking of each other. They have always been synonymously construed to describe a spurious or fictitious making as distinguished from a false or fraudulent statement. The words relate to genuineness of execution and not falsity of content. United States v. Moore, D.C., 60 F. 738; United States v. Wentworth & O'Neil, C.C., 11 F. 52; Territory v. Gutierrez, 13 N.M. 312, 84 P. 525; DeRose v. People, 64 Colo. 332, 171 P. 359, L.R.A.1918C, 1193; State v. Ford, 89 Or. 121, 172 P. 802; People v. Kramer, 352 Ill. 304, 185 N.E. 590; Graham v. State, 121 Tex.Cr.R. 100, 51 S.W.2d 369; Words & Phrases, p. 137. Making application of this construction of the words as employed in Section 2314, it has been uniformly held that a check drawn by a true maker on an existing bank is not "falsely made" or "forged" within the meaning of the statute, even though there were no funds to the account of the drawer in the drawee bank; and, that an indictment or information which affirmatively describes the falsely made and forged security in this manner states no federal offense under Section 2314. Greathouse v. United States, 4 Cir., 170 F.2d 512; Wright v. United States, 9 Cir., 172 F.2d 310; Martyn v. United States, 8 Cir., 176 F.2d 609; United States v. Galla-

gher, D.C., 94 F.Supp. 640. And, such an indictment or information is subject to collateral attack by motion to vacate under Section 2255. See Martyn v. United States, supra; United States v. Gallagher, supra.

By convincing analogy, it is argued that a warehouse receipt, genuine in its execution, but which falsely and fraudulently represents the storage of a stated amount of grain in the issuing warehouse, is not different from a "true-name" check; that both the warehouse receipt and the true-name check are what they purport to be; that neither of them are false or forged in their execution, although they may be false in fact.

■■ We haven't any doubt that an allegation charging the unlawful interstate transportation of a "falsely made, forged, altered, or counterfeited security", purporting to be a warehouse reeipt of the Garden Grain and Seed Company, states an offense in the words of Section 2314, and that a sentence based upon a plea of guilty to an indictment in those words would not be vulnerable to collateral attack. But the counts involved in this indictment did not stop with the statement of the offense in the words of the statute. They went on to affirmatively allege in what factual respect the warehouse receipts were "falsely made, forged, altered, or counterfeited", by stating that the issuing warehouse did not have in storage the grain represented by the receipt. This allegation is not mere surplusage which may be stricken from the indictment or information on motion of the defendant under Rule 7(d) of the Federal Rules of Criminal Procedure; it was obviously intended to critically describe the nature of the document or instrument transported in interstate commerce. If the instrument thus described is not one, the transportation of which is condemned by federal statute, no offense is stated. Plainly upon the face of the charges, the warehouse receipts were actually what they purported to be. Their falsity lies in the representation of facts, not

in the genuineness of execution. We can see no difference in the counts in this indictment and those in the true-name check cases.

The cases are accordingly reversed with directions to sustain the motions.