**UNITED STATES of America,**

v.

**Robert F. WELCH.**

**Crim. No. 92–36–P–C.**

United States District Court,
D. Maine.

March 22, 1994.

---

Raymond C. Hurley, Asst. U.S. Atty., Portland, ME, for U.S.A.

Eugene Patrick McCann, Manzi & McCann, Lawrence, MA, for defendant.

*MEMORANDUM OF DECISION AND ORDER GRANTING § 2255 PETITION TO VACATE CONVICTIONS ON COUNTS IV & V*

GENE CARTER, Chief Judge.

This case is before the Court on Robert F. Welch's section 2255 petition to vacate his convictions on the last two counts of a five-count indictment and to resentence him accordingly on the grounds that these counts did not state a crime. Defendant Welch's Section 2255 Motion (Docket No. 77). The Government does not oppose this motion, conceding that the fourth and fifth counts of the indictment to which Petitioner entered a guilty plea, do not, in light of the Court of Appeals decision in the case of the codefendant Steven C. Jones, state a crime. Government's Response to Defendant Welch's Section 2255 Motion (Docket No. 79) at 4. The Government further submits that Petitioner did not waive his right to challenge the suffi-

ciency of the indictment by pleading guilty to these counts. *Id.* at 3. Because the Court concludes that Petitioner did not waive his right to collaterally challenge the sufficiency of the indictment and that the indictment did not, in fact, state a crime, the petition will be granted.

*PROCEDURAL BACKGROUND*

On April 7, 1992, a federal grand jury returned a five-count indictment (Docket No. 1) against Petitioner Robert F. Welch and a codefendant, Steven C. Jones. Count I charged the defendants with conspiracy to commit the offenses charged in Counts II–IV, in violation of 18 U.S.C. section 371. Counts II and III charged defendants with bank fraud, in violation of 18 U.S.C. section 1344. Counts IV and V charged defendants with interstate transportation of forged securities, specifically UCC–3 releases, in violation of 18 U.S.C. section 2314.[1] On July 7, 1992, Petitioner entered a guilty plea on Counts II through V of the indictment.[2] After a jury trial, he was convicted of conspiracy on Count I. Petitioner did not appeal the conviction. On January 27, 1993, Petitioner was sentenced to concurrent five-year terms of imprisonment on Counts I, II, and III and consecutive three-year terms of imprisonment on Counts IV and V.

Petitioner's codefendant, Steven C. Jones, was tried and convicted on all five counts and took a timely appeal from the convictions. On December 3, 1993, the Court of Appeals for the First Circuit reversed Jones's conviction on Counts IV and V, holding as a matter of law that a UCC–3 release is not a security within the meaning of section 2314 of title 18.

---

1. The indictment reads in relevant part as follows:

    On or about or July 23, 1987, in the District of Maine and elsewhere, defendants
    ROBERT F. WELCH
    STEPHEN C. JONES
    did unlawfully and fraudulently transport and cause to be transported in interstate commerce, from the Commonwealth of Massachusetts to the State of Maine, *a falsely made and forged security, that is a release of security interest (Standard Form UCC–3)*, falsely purporting to release Patriot Bank's security interest in the furniture, fixtures and equipment at

the Portland Regency Inn, knowing the same to be falsely made and forged, and did aid and abet such conduct.
Count IV (Docket No. 1) ¶ 2 (emphasis added). Count V is identical except for the name of the bank, Berkshire County Savings Bank.

2. Petitioner also wished to plead guilty to Count I which alleged a conspiracy. The Court refused to accept this guilty plea because Petitioner stated that he had not come to an agreement to commit the crimes charged with either his codefendant or any unnamed conspirator. Transcript of Rule 11 Proceeding at 68–69.

*United States v. Jones,* 10 F.3d 901, 905–06 (1st Cir.1993).

On February 28, 1994, Petitioner filed this motion under section 2255 to set aside the convictions for interstate transportation of forged securities, arguing that, in light of the *Jones* decision, the indictment was insufficient to charge that crime.

### DISCUSSION

■ A claim that an indictment fails to state an offense "shall be noticed at any time during the proceedings." Federal Rule of Criminal Procedure 12(b)(2). Thus, a challenge may be raised after trial or on appeal. *See, e.g., United States v. Saade,* 652 F.2d 1126, 1133 (1st Cir.1981); *United States v. Seuss,* 474 F.2d 385, 387 n. 2 (1st Cir.), *cert. denied,* 412 U.S. 928, 93 S.Ct. 2751, 37 L.Ed.2d 155 (1973); *United States v. Chesney,* 10 F.3d 641, 643 (9th Cir.1993); *United States v. Sutton,* 961 F.2d 476, 479 (4th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 171, 121 L.Ed.2d 118 (1992); *United States v. Coiro,* 922 F.2d 1008, 1013 (2d Cir.1991), *cert. denied,* 501 U.S. 1217, 111 S.Ct. 2826, 115 L.Ed.2d 996 (1992); *United States v. Clark,* 646 F.2d 1259, 1262 (8th Cir.1981); *United States v. Wander,* 601 F.2d 1251, 1259 (3d Cir.1979). A challenge based on the assertion that an indictment is so defective that on its face it fails to state a federal offense is timely when, as in the present case, it is raised for the first time on a section 2255 motion. *Marteney v. United States,* 216 F.2d 760, 762 (10th Cir.1954); *Kolaski v. United States,* 362 F.2d 847, 848 (5th Cir. 1966). Nor does a defendant, by proffering an unconditional guilty plea, waive the fundamental objection that the indictment is so defective it does not state an offense, for one can not make an effective plea of guilty to an offense that is not charged. *Marteney,* 216 F.2d at 762; *Kolaski,* 362 F.2d at 848; *United States v. Vieira–Candelario,* 811 F.Supp. 762, 768 n. 6 (D.R.I.), *aff'd,* 6 F.3d 12 (1st Cir.1993).

■ Despite, or perhaps because of, the broad acceptance of the principle that the sufficiency of an indictment may be challenged at any time, the exception itself is narrow. An indictment will be upheld after conviction unless no reasonable construction of the indictment charges the offense for which a defendant is convicted. *United States v. James,* 980 F.2d 1314, 1317 (9th Cir.1992), *cert. denied,* —— U.S. ——, 114 S.Ct. 119, 126 L.Ed.2d 84 (1993); *United States v. James,* 923 F.2d 1261, 1266 (7th Cir.1991). An indictment need only set forth "that which is legally essential to the charge." *United States v. Carlson,* 561 F.2d 105, 108 (1st Cir.), *cert. denied,* 434 U.S. 973, 98 S.Ct. 529, 54 L.Ed.2d 464 (1977). However, where an indictment fails to state a necessary element of a charged offense, it is fatally defective. *Chesney,* 10 F.3d at 643. The same is true where, as in the present case, an indictment states a necessary element but, by describing the alleged offense, establishes as a matter of law that a factual basis for that element does not exist. *Marteney,* 216 F.2d at 763–764.

In *Marteney,* as in the present case, the defendant was indicted and pled guilty to the interstate transportation of falsely made or forged securities. 18 U.S.C. § 2314. The *Marteney* indictment did not state an offense because, although it alleged that the securities in question (warehouse receipts) were "falsely made, altered, or counterfeited," the description of the receipts established that although the receipts were false, there was no question as to "the genuineness of their execution." *Id.* at 764. The Court in *Marteney* could not disregard the affirmative allegation in the indictment, which directly contradicted the general assertion that the securities were "falsely made or forged" as required by section 2314.

> This allegation is not mere surplusage which may be stricken from the indictment ...; it was obviously intended to critically describe the nature of the document or instrument transported in interstate commerce. If the instrument thus described is not one, the transportation of which is condemned by federal statute, no offense is stated.

*Id.* Because the indictment in *Marteney* established on its face that the securities in question were not "falsely made," the indictment did not state a federal offense and the

convictions were properly vacated on a motion pursuant to section 2255.

In the present case, there can be no question as to the application of Rule 12(b)(2) and *Marteney* to the indictment on the two counts which charge interstate transportation of forged securities in violation of section 2314. On its face, the indictment specifies that the "securities" at issue in Count IV and Count V were "release[s] of security interest (Standard Form UCC-3)." *See* note 1, *supra*. Read in its entirety there is no other allegation in the indictment that could reasonably be construed to suggest that any "security" other than the UCC-3s were at issue. The Court of Appeals for the First Circuit has held that, as a matter of law, a UCC-3 is not a "security" within the meaning of section 2314. *United States v. Jones*, 10 F.3d at 903, 905-06. The Government itself forthrightly concedes that, in light of the *Jones* decision, "the challenged counts of the indictment are not susceptible to a reasonable construction that would save them as charging a valid criminal offense." Government's Response to Defendant Welch's Section 2255 Motion (Docket No. 79) at 4. Because the Court agrees with this conclusion, Petitioner's section 2255 motion to vacate the judgments entered on Petitioner's plea to Counts IV and V of the indictment will be granted.

### ORDER

*Accordingly*, it is *ORDERED* that Petitioner's Motion to Vacate the Convictions on Counts IV and V be, and it is hereby, *GRANTED*. It is further *ORDERED* that the judgments of convictions on Counts IV and V be, and they are hereby, *VACATED*, and that the sentences imposed on these Counts of three years imprisonment to run consecutively be, and they are hereby, *SET ASIDE*. The remaining convictions on Counts I, II, and III, and the sentences associated therewith remain in full force and effect.