UNITED STATES of America,
Plaintiff/Respondent,

v.

Jessie AILSWORTH, Jr.,
Defendant/Movant.

No. CIV. 99–3324–SAC.
No. CR. 94–40017–01–SAC.

United States District Court,
D. Kansas.

June 21, 2002.

Jessie Ailsworth, Jr., Florence, CO, pro se.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

Following a lengthy jury trial during the summer of 1996, the jury found the defendant guilty of some, but not all of the drug trafficking crimes charged in the second superseding indictment. *See United States v. Ailsworth,* 948 F.Supp. 1485(D.Kan.1996) (denying defendant's post-trial motions for relief), aff'd, 138 F.3d 843(10th Cir.), cert. denied, 525 U.S. 896, 119 S.Ct. 221, 142 L.Ed.2d 181 (1998). Based upon the substantial amount of cocaine base attributable to Ailsworth and his role in the offense, the defendant received a primary term of incarceration of 30 years.

Ailsworth's conviction became final on October 5, 1998, the day the Supreme Court denied his petition for certiorari. Ailsworth filed his motion for relief pursuant to 28 U.S.C. § 2255 within one year of the Supreme Court's denial of his petition for certiorari. Ailsworth is represented by counsel in these § 2255 proceedings.

The defendant's initial brief in support of his motion (Dk.872) contained the following arguments: (1) the sentence was illegal because the defendant was never served with the information required by 21 U.S.C. § 851; (2) the presentence investigation report ("PSR") recommended a base offense level that exceeded the sentencing guidelines; (3) the sentencing court imposed a four-point role adjustment for being a leader without making specific findings by a preponderance of evidence; and (4) defense counsel was ineffective in not requesting the trial court to inquire about the jury's notation on the verdict form. The government filed its answer denying the factual assertions and opposing the legal arguments. (Dk.874). The defendant filed a reply brief adding the argument that the sentencing court had not made a conclusive finding that the controlled substance was cocaine base. (Dk.879). Four months later, the defendant filed a supplemental brief adding arguments based on the intervening Supreme Court decision of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). (Dk.884). The government also filed a response to the defendant's supplement. (Dk.885).

## GENERAL § 2255 STANDARDS

"Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal." *United States v. Warner,* 23 F.3d 287, 291 (10th Cir.1994) (citation omitted). When a petitioner "fails to raise an issue on direct appeal, he is barred from raising the issue in a § 2255 proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting from the error, or a fundamental miscarriage of justice if the claim is not considered." *United States v. Cox,* 83 F.3d 336, 341 (10th Cir.1996); *see also United States v. Frady,* 456 U.S. 152, 167–68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). "A defendant may establish cause for his procedural default by showing that he received ineffective assistance of counsel in violation of the Sixth Amendment." *United States v. Cook,* 45 F.3d 388, 392 (10th Cir.1995) (citation omitted). Put another way, "[a]n attorney's error provides cause to excuse a procedural default only if the error

amounts to constitutionally ineffective assistance of counsel." *Rogers v. United States,* 91 F.3d 1388, 1391 (10th Cir.1996) (citations omitted), *cert. denied,* 519 U.S. 1134, 117 S.Ct. 1000, 136 L.Ed.2d 879 (1997). A colorable claim of factual innocence may be sufficient to establish a fundamental miscarriage of justice. Moreover, a claim that an indictment "fails to show jurisdiction in the court or to charge an offense ... shall be noticed by the court at any time during the pendency of the proceedings." Fed.R.Crim.P. 12(b)(2). Such a claim may be raised for the first time in a § 2255 proceeding. *Marteney v. United States,* 216 F.2d 760, 762 (10th Cir.1954); see also *United States v. Welch,* 849 F.Supp. 5, 7 (D.Me.1994).

To establish a claim for ineffective assistance of counsel, a defendant must show (1) that his counsel's performance fell below the constitutional minimum guaranteed by the Sixth Amendment, that is, "an objective standard of reasonableness," and (2) that his counsel's errors prejudiced him, that is, "were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington,* 466 U.S. 668, 687, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Prejudice is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* The Supreme Court recognizes that:

There is a strong presumption that counsel's performance falls within the wide range of professional assistance, (citation omitted); the defendant bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. (citation omitted). The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential. (citation omitted).

*Kimmelman v. Morrison,* 477 U.S. 365, 381, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986). A court can jump to the prejudice prong without first determining whether counsel's performance was deficient:

[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

*Strickland,* 466 U.S. at 697, 104 S.Ct. 2052.

■ "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the district court must conduct an evidentiary hearing. 28 U.S.C. § 2255; see *United States v. Lopez,* 100 F.3d 113, 119 (10th Cir.1996) (quotations omitted). When disputed material facts are put in issue by affidavits, an evidentiary hearing is necessary to resolve them. See *Machibroda v. United States,* 368 U.S. 487, 494–95, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962) (hearing necessary to resolve factual disputes which "related primarily to purported occurrences outside the courtroom and upon which the record could, therefore, cast no real light"); *Moore v. United States,* 950 F.2d 656, 661 (10th Cir.1991) (hearing necessary when "factual disputes and inconsistencies beyond the record exist").

**1152**

## ANALYSIS

*Failure to Serve Information under 21 U.S.C. § 851(a)(1)*

This statute provides in relevant part:

No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

21 U.S.C. § 851(a)(1). As the record reflects, the government filed the information under seal on the same afternoon as the sealed superseding indictment, and the superseding indictment was unsealed the next day on March 25, 1994. (Dks. 3, 5, and 10). The information appears in the record as not sealed and is accompanied by a certificate of service that states it was hand delivered to defense counsel, Charles Dedmon, on March 24, 1994. (Dk.5, p. 2). The defendant, however, attaches to his reply brief the affidavits of his former counsel, Mr. Dedmon and Mr. Johnson, and they aver that they did not receive a copy of the government's information filed under seal.

The only part of the defendant's sentence[1] affected by a prior conviction that would trigger the § 851 notice requirement was the term of supervised release. The court enhanced the defendant's term of supervised release from five years to ten years as a result of the defendant's prior conviction. 21 U.S.C. § 841(b)(1)(A) (1995). The defendant's term of incarceration was not enhanced by reason of a prior

conviction, because the enhanced statutory minimum and maximum did not affect the guideline sentence that was imposed.

■ In the unpublished decision of *United States v. Larsen,* 948 F.2d 1295, 1991 WL 240140 (10th Cir. Nov.12, 1991), the court upheld a § 2255 challenge to the enhanced portion of the defendant's sentence, because the defendant had not been served with the notice required under § 851(a)(1). The court there addressed the jurisdictional nature of this challenge that warrants relief under § 2255:

As an initial matter, we must clarify the narrow parameters of our review. Because Larsen's argument is raised in the context of a § 2255 motion, relief is warranted only if the alleged error is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice. *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Thus, technical errors such as failure to comply with the formal requirements of a rule of criminal procedure do not warrant collateral relief in the absence of any indication of prejudice to the defendant. *United States v. Prichard,* 875 F.2d 789, 790 (10th Cir. 1989).

Larsen takes a jurisdictional approach to the service requirement under § 851(a)(1). According to Larsen, he is entitled to relief under § 2255 because the United States' failure to formally serve the enhancement information deprived the district court of jurisdiction to impose an enhanced sentence.

■ We are persuaded by Larsen's argument. This court has insisted upon strict compliance with the mandatory lan-

---

1. The defendant's term of custody was not enhanced as a result of any prior convictions subject to § 851 notice.

guage of the procedural requirements of § 851(a)(1). *See United States v. Wright,* 932 F.2d 868, 882 (10th Cir.1991); *United States v. Novey,* 922 F.2d 624, 627 (10th Cir.), *cert. denied,* 501 U.S. 1234, 111 S.Ct. 2861, 115 L.Ed.2d 1028 (1991). Moreover, while addressing the issue in the context of a case concerned specifically with the filing requirement of § 851(a)(1), this court has indicated that both the filing and service requirements of the statute are jurisdictional in nature. *Novey,* 922 F.2d at 627 ("[T]he district court ... was without authority to impose an enhanced sentence unless the statutory requirements [of § 851(a)(1) ] were met.") (emphasis added); *see also United States v. Olson,* 716 F.2d 850, 852–53 (11th Cir.1983) ("[Section 851(a)(1) ] restricts the court's authority to impose enhanced sentences to cases where the information is filed with the court and served on the defendant before trial.") (emphasis added); *United States v. Noland,* 495 F.2d 529, 533 (5th Cir.) (same), *cert. denied,* 419 U.S. 966, 95 S.Ct. 228, 42 L.Ed.2d 181 (1974).

■ The United States contends that while the filing requirement under § 851(a)(1) is certainly a jurisdictional prerequisite since a district court is without authority to enhance on its own motion, see *Olson,* 716 F.2d at 853; *Hardy v. United States,* 691 F.2d 39, 41 (1st Cir. 1982), the service requirement is merely designed to produce knowledge which is not jurisdictional in nature. However, we must be guided by the plain terms of § 851(a)(1). *See United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) ("[W]here ... the statute's language is plain, the sole function of the courts is to enforce it according to its terms."). The language of § 851(a)(1) is peremptory— "[n]o person ... shall be sentenced to increased punishment ... unless...."

Moreover, the filing requirement of § 851(a)(1) is separated from the service requirement by the conjunctive "and," which indicates that Congress intended that both requirements be fulfilled. *See United States v. O'Driscoll,* 761 F.2d 589, 597–98 (10th Cir.1985) (citing 1A N. Singer, Sutherland Statutory Construction § 21.14), *cert. denied,* 475 U.S. 1020, 106 S.Ct. 1207, 89 L.Ed.2d 320 (1986). Given the mandatory and conjunctive language in § 851(a)(1), it must be read as limiting a district court's authority to impose enhanced sentences to cases where there is compliance with each of its procedural requirements. Any other reading of § 851(a)(1) is contrary to the plain language of the statute. *See United States v. Carvajal–Minota,* 706 F.Supp. 726, 727 (N.D.Cal.1989) ("This court sees no reason to disregard the clear language of Congress [in § 851(a)(1) ] regarding service and will not assume that while filing is a strict requirement, service is an informal secondary requirement.").

Because the service requirement under § 851(a)(1) is a jurisdictional threshold, the United States' argument that formal service was not necessary in light of Larsen's actual knowledge of the enhancement information carries no weight. The United States' argument is based on the notion that its mistake amounted to harmless error. This contention, however, misapprehends the nature of a jurisdictional rule. "[A] litigant's failure to clear a jurisdictional hurdle can never be 'harmless' or waived by a court." *Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 317 n. 3, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988); see also *Wright,* 932 F.2d at 882 (harmless error doctrine not applicable to noncompliance with § 851(a)(1)).

948 F.2d 1295, 1991 WL 240140, at *1–*3.

The government here, like in Larsen, argues actual knowledge on the defen-

dant's part, and the court rejects this argument for the same reasons given in Larsen. The government's other argument is compliance with § 851(a)(1) as evidenced by the certificate of service attached to the information. The affidavits from defense counsel, in particular the averments of Mr. Dedmon, dispute the certificate of service. The parties shall be promptly notified of a hearing date on this limited issue.

*Erroneous Base Offense Level in the PSR*

The defendant's memorandum argues in a single sentence that "the Presentence Investigation Report recommended a base offense level that exceeded the established guidelines as promulgated by the United States Sentencing Commission." (Dk.872, p. 6). The defendant does not explain this argument, nor does he offer proof or arguments in support of it. The base offense level of 38 found at U.S.S.G. § 2D1.1(c)(1) is the correct guideline where there is 1.5 kilograms or more of cocaine base. The PSR found that approximately 12 kilograms of cocaine base were involved in this case and attributable to the defendant. The defendant articulates no error with that recommendation or with the court's use of it in sentencing him. The court summarily rejects this argument.

*Inadequate Findings for Leader Enhancement*

▆▆▆ The defendant argues the sentencing court imposed this four-level enhancement without specifically finding that the enhancement applied or that a preponderance of evidence supported it. The government points out that the defendant is procedurally barred from bringing this claim as he did not raise this issue on direct appeal. To the extent defendant is challenging the district court's adoption of the PSR's findings in the absence of additional proof at the sentencing hearing, this claim is procedurally barred and the defendant has not asserted any or cause or

prejudice to excuse his failure to raise the issue on direct appeal. *See United States v. Cook*, 45 F.3d at 392. As for any possible argument that trial counsel was ineffective for not objecting to this enhancement, there is no reasonable probability that such an objection would have been sustained. The cooperating co-defendants consistently testified to the leader and organizer role played by Ailsworth. There is no merit to this issue.

*Ineffective Counsel—Jury's Notation on Verdict Form*

▆▆▆ The defendant argues his trial counsel was ineffective for not requesting the trial court to inquire into the meaning of the jury's notation on the verdict form. The issue of the jury notation was fully and fairly litigated before the trial court and the appeals court. Indeed, the trial transcript reflects that trial counsel argued first for a not guilty finding based on the jury verdict and alternatively requested the trial court to inquire further from the jury about their intentions and understanding behind the notation. (Dk.801, p. 1650). Because the record does not even show that defense counsel's performance was deficient in the specifics alleged now, the court finds no basis for concluding that counsel's performance fell below any objective standard of reasonableness. The defendant is not entitled to any relief on this argument.

*No Sentencing Finding of Cocaine Base*

▆▆▆ In his reply brief, the defendant added the claim that the sentencing court had failed to make a conclusive finding that the controlled substance was crack cocaine. If the defendant's argument is only with the sentencing court's adoption of the PSR and failure to make a separate finding about the particular controlled substance, this issue is procedurally barred

because it was not raised on appeal and defendant has not asserted any cause or prejudice. As far as any claim of ineffective assistance of trial counsel, the defendant cannot show any prejudice because he was convicted of drug offenses involving crack cocaine. The relevant counts of the indictment and jury instructions specifically identified cocaine base or crack cocaine as the controlled substance involved. Neither the statutes under which he was indicted and convicted nor the sentencing guideline under which he was sentenced made a distinction between crack cocaine and cocaine base. The defendant comes forth with nothing to show a reasonable probability that the outcome would have been different had his counsel objected at sentencing and the government been put to its burden of proof.

*Apprendi*

▮ The defendant first made his argument based on the intervening Supreme Court decision of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), in a supplemental brief filed September 13, 2000, or over twenty-three months after his conviction became final on October 5, 1998. The untimely assertion of an *Apprendi* claim was recently addressed by the Tenth Circuit:

> He makes what appears to be a claim based upon the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Mr. Ashley attempted to raise this claim below in an amendment to his 2255 petition. The district court rejected the amendment, ruling that it was time-barred because it was not timely filed within one year of the effective date of AEDPA and because it was "separate 'in time and type'" from the claims covered in his timely petition. Aplt.App., doc. 20, at 5 (quoting *United*

States v. Craycraft, 167 F.3d 451, 457 (8th Cir.1999)).

We review a trial court's decision on whether to allow amendment of pleadings for abuse of discretion. *Gillette v. Tansy*, 17 F.3d 308, 312 (10th Cir.1994). Fed. R.Civ.P. 15 allows a party to amend or supplement a 2255 petition " 'as long as the petition itself was timely filed and the petitioner does not seek to add an entirely new claim or new theory of relief.' " *United States v. Espinoza–Saenz*, 235 F.3d 501, 504 (10th Cir.2000) (quoting *United States v. Thomas*, 221 F.3d 430, 436 (3rd Cir. 2000)). The district court determined the *Apprendi* claim constituted a new theory of relief and we agree. Thus, Mr. Ashley's amendment is treated as a successive habeas application.

Under AEDPA, a prisoner may bring a successive habeas petition if it relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255 para 8. While the *Apprendi* decision constitutes a new rule of constitutional law, the Supreme Court has yet to decide whether to make the rule in that case retroactive to cases on collateral review. *See Browning v. United States*, 241 F.3d 1262, 1265–66 (10th Cir. 2001) (en banc). Thus, as of now, Mr. Ashley may not raise *Apprendi* claims in a successive habeas petition, as he did here. We therefore hold that the trial court's decision to reject Mr. Ashley's amendment did not constitute an abuse of discretion. Because we reject Mr. Ashley's *Apprendi* claim on procedural grounds, we need not deal with his claim on the merits.

*United States v. Ashley*, 2002 WL 734764, at *3 fn. 3 (10th Cir. Apr.26, 2002). The defendant's supplemental brief adds an entirely new claim and theory of relief in arguing *Apprendi*. The court denies the defendant leave to supplement his

§ 2255 petition to include this Apprendi argument. The court also follows the Ashley decision in holding that the defendant may not raise Apprendi claims in a successive habeas petition and in rejecting this argument on procedural grounds.

IT IS THEREFORE ORDERED that the court denies the defendant's motion pursuant to 28 U.S.C. § 2255 on all claims except for the issue concerning the government's failure to serve the notice of information pursuant to 21 U.S.C. § 851(a)(1). The court will schedule an evidentiary hearing on this remaining issue.