**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 20 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

WILLIAM GENE EATON,

    Defendant - Appellant.

No. 00-6454

(W.D. Oklahoma)

(D.C. Nos. CV-00-1191-R
and CR-98-183-R)

---

**ORDER AND JUDGMENT** [*]

---

Before **HENRY** , **ANDERSON** , and **MURPHY** , Circuit Judges.

---

Petitioner William Gene Eaton, proceeding pro se, seeks a certificate of appealability ("COA") permitting him to appeal from an order of the district court denying his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his criminal sentence. To obtain a COA, Eaton must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner makes such a substantial showing by demonstrating that "reasonable jurists could debate

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 and n.4 (1983)) (further quotation omitted). For the reasons set out below, we conclude that Eaton has not made such a showing; accordingly, we deny his application for a certificate of appealability and dismiss the appeal.

Eaton was convicted by a jury of two counts of armed bank robbery in violation of 18 U.S.C. § 2113, one count of carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c), one count of possessing a firearm after a former felony conviction in violation of 18 U.S.C. § 922(g), three counts of obstruction of justice in violation of 18 U.S.C. § 1503, and two counts of tampering with a witness in violation of 18 U.S.C. § 1512(b). The district court sentenced him to life imprisonment under the Three Strikes Statute, 18 U.S.C. § 3559(c), on the armed robbery counts. Eaton's counsel filed a direct appeal, raising four issues, none of which are raised again in his habeas petition. Eaton's conviction and sentence were affirmed on appeal. United States v. Eaton, No. 99-6151, 2000 WL 293789, at **1 (10th Cir. Mar. 21, 2000). The details of the offenses and Eaton's conviction are set out in that opinion and we will not repeat them at length here.

- 2 -

Subsequently, Eaton sought federal habeas relief under 28 U.S.C. § 2255 by filing the petition, as amended, in the instant case. He argued that his counsel was ineffective in numerous ways in connection with his trial and sentence. [1] The district court considered all of Eaton's arguments and denied relief. The court also denied him a COA and denied his motion for leave to proceed in forma pauperis. R. Vol. 3, Doc. 180.

In this court, in addition to his application for a COA, Eaton also seeks leave to appeal in forma pauperis, to file an oversize brief, and to supplement his application for a COA with allegedly newly discovered evidence, and he requests an order from this court directing the warden to return to him a copy of his application for a COA.

In his application for a COA, Eaton argues that his counsel was constitutionally ineffective at trial and sentencing because (a) he failed to interview potential defense witnesses, (b) by pleading Eaton guilty to the three obstruction of justice counts, he failed to make the government prove those counts, (c) he failed to call an expert witness allegedly important to the defense,

---

[1]In his initial petition to the district court, he raised some issues under the rubric of ineffective assistance of counsel, and some he argued as freestanding claims. He subsequently sought and was granted leave to amend his petition to add some issues and, it appears, to argue that all the issues he raised were in the context of ineffective assistance of counsel, which is how the district court treated them.

(d) he failed to request a "_Remmer_ hearing," (e) he failed to challenge allegedly tainted in-court and out-of-court identifications, and (f) he failed to advocate Eaton's cause during sentencing. Additionally, he argues that the above errors, viewed cumulatively, denied him the effective assistance of counsel.

In addition to these ineffectiveness claims, Eaton separately argues four other issues in his application for a COA, which, although convoluted, appear in essence to be as follows: (1) his right to a speedy trial was violated; (2) he is "actually innocent"of the three obstruction of justice charges because the indictment failed to state a violation of the relevant statute; (3) he is "actually innocent" of the witness tampering charges because the indictment failed to state a violation of the relevant statutes; and (4) the government failed to prove that the institutions Eaton was convicted of robbing were F.D.I.C. insured at the times of the robberies; hence, there was no proof of a federal offense.

Because his petition and application for a COA variously argue ineffective assistance of counsel and freestanding claims, we begin by setting out the general standards governing the posture of claims raised on collateral review. When a petitioner "fails to raise an issue on direct appeal, he is barred from raising the issue in a § 2255 proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting from the error, or a fundamental miscarriage of justice if the claim is not considered." United States v. Cox, 83

F.3d 336, 341 (10th Cir. 1996); see also United States v. Frady, 456 U.S. 152, 167-68 (1982). A colorable claim of factual innocence may be sufficient to establish a fundamental miscarriage of justice. Moreover, a claim that an indictment "fails to show jurisdiction in the court or to charge an offense . . . shall be noticed by the court at any time during the pendency of the proceedings." Fed. R. Crim. P. 12(b)(2). Such a claim may be raised for the first time in a § 2255 proceeding. Marteney v. United States, 216 F.2d 760, 762 (10th Cir. 1954); see also United States v. Welch, 849 F. Supp. 5, 7 (D. Me. 1994). Additionally, it is well established that claims of ineffective assistance of counsel are properly raised in a § 2255 proceeding. See United States v. Galloway, 56 F.3d 1239, 1240-41 (10th Cir. 1995) (en banc). With respect to appeals or applications to this court for a COA, however, we generally do not address issues not raised in the district court. See Sac & Fox Nation v. Hanson, 47 F.3d 1061, 1063 (10th Cir. 1995).

Accordingly, Eaton's claims of ineffective assistance of counsel, insofar as they were argued before the district court, are properly included in his application for a COA. However, while he raised his Speedy Trial Act claim and his allegation that the government failed to prove the banks were F.D.I.C. insured as part of an ineffective assistance of counsel claim in the district court, he does not argue ineffectiveness with respect to those claims in his COA application to this

- 5 -

court. Thus, those two claims are barred, because he failed to raise them on direct appeal, unless, for purposes of evaluating Eaton's application for a COA, we sua sponte recast those issues as ineffective assistance of counsel claims.[2] Eaton's other two claims, involving his convictions for obstruction of justice and witness tampering, assert that the indictment failed to state a violation of the relevant statutes. Accordingly, these claims may be raised for the first time in a § 2255 proceeding either as part of an ineffective assistance claim or as freestanding allegations that the indictment was defective. We consider Eaton's claims in turn.

## I. Ineffective Assistance of Counsel

The district court correctly reviewed Eaton's claims of ineffective assistance of counsel under the principles of Strickland v. Washington, 466 U.S. 668, 687-88 (1984), which require a petitioner to demonstrate that his counsel's representation: (1) fell below an objective standard of reasonableness, and (2) prejudiced him. To show deficient performance, Eaton must show that his counsel's performance was "completely unreasonable, not merely wrong." Hoxsie v. Kerby, 108 F.3d 1239, 1246 (10th Cir. 1997). To show prejudice, Eaton must

---

[2]Eaton articulates no other possible cause for his failure to raise these claims on direct appeal.

establish that, but for counsel's errors, there was a reasonable probability that the outcome of his trial and/or sentencing would have been different. Id. at 1245. Ineffective assistance of counsel claims involve mixed questions of law and fact, which we review de novo. United States v. Prows, 118 F.3d 686, 691 (10th Cir. 1997).

Eaton first argues his trial counsel was ineffective in failing to interview potential witnesses whom he alleges were crucial to his defense because they would have identified other individuals, not Eaton, as those responsible for the bank robberies. The district court, in response to this argument, observed that "[d]efense counsel repeatedly challenged witness identification of Defendant as a perpetrator of the bank robberies with which he was charged. Defendant's co-conspirator, Creech, was subjected to challenges to his credibility. Defense counsel repeatedly pointed out that Defendant's home had not been searched, and that most of the evidence of the robberies was seized from Creech's home. Defense counsel established that Defendant cooperated with police in their investigation, and that hairs found in the pantyhose worn by the robbers did not match Eaton or Creech." Order, R. Vol. 2, Doc. 169 at 15. In short, as the district court observed, defense counsel vigorously pursued the theory that Eaton was not involved in the robberies.

On the other hand, as the district court concluded, there was ample evidence supporting Eaton's conviction: "[S]ubstantial evidence from Defendant's co-conspirator, as well as the identification by certain of the victims, resulted in conviction." Id. Eaton's assertions that the witnesses he lists in his habeas petition would have provided the jury with evidence exonerating him are wholly conclusory and devoid of any substantive showing as to how these witnesses' testimony would have helped the defense, or added to the points Eaton's defense counsel had already made about various witnesses' identification of Eaton. We agree with the district court's conclusion that Eaton has failed to establish a reasonable probability that testimony from these other witnesses would have altered the outcome of the trial, given that, at best, the testimony would have been merely cumulative to testimony already elicited by defense counsel and would not have undermined the substantial evidence of guilt. Eaton was therefore not denied effective assistance of counsel on this ground. [3]

---

[3]Eaton also seeks to supplement his application for a COA before this court with a statement made by an FBI informant identified as "SOURCE" which reports another unidentified individual as "making comments that [redacted] set-up EATON for the bank robberies." Mot. to Supplement Def.'s Certificate of Appealability (C.O.A.) Because of Newly Discovered Evidence at Ex. AB. It appears that this statement was not a part of the record below, and for that reason the motion is denied. Nonetheless, upon review of the statement, we conclude that it would not assist Eaton in his ineffectiveness claim. "SOURCE" is one of the witnesses Eaton believes should have been interviewed by his counsel. Even taking SOURCE's statement at face value, it hardly creates a reasonable

(continued...)

Eaton next argues that his counsel failed to make the government prove its case by effectively pleading Eaton guilty on the three obstruction of justice counts. It is clear from the record that counsel did not in fact plead Eaton guilty on these counts. Eaton was charged with obstruction of justice based upon three letters he wrote from jail, in which he sought help in establishing an alibi. Counsel conceded at trial that Eaton wrote the letters, but argued that Eaton wrote them because he was innocent of the robbery charges and afraid. The district court found that Eaton had not shown that counsel's concession demonstrated ineffective assistance. We agree.

As the district court pointed out, the government presented overwhelming evidence that Eaton wrote the letters and noted that defense counsel unsuccessfully attempted to suppress the letters and to sever the obstruction charges from the trial on the robbery charges. The district court correctly discerned that "[c]learly it was counsel's strategy to admit to writing the letters, to maintain innocence on the bank robbery charges, and to hope the jury believed the letters were written by a man unjustly accused of two very serious robberies, hoping to avoid an unlawful conviction." Order, R. Vol. 2, Doc. 169 at 11.

---

[3](...continued)
probability that the outcome of the trial would have been different.

Counsel was not ineffective in pursuing this strategy, nor can Eaton demonstrate that he suffered any prejudice therefrom.

Eaton also argues that counsel was ineffective in failing to call an expert witness to refute allegedly tainted eyewitness testimony by Carmen Maupin, a bank teller, who identified Eaton as one of the robbers. Neither before the district court nor to this court does Eaton articulate what testimony the expert could have given to rebut Ms. Maupin's identification. Further, the district court noted that counsel cross-examined Ms. Maupin, challenging the description she gave the FBI after the robbery and her inability to identify Eaton in a photo array, and eliciting testimony that Ms. Maupin had seen Eaton on television while in custody. Eaton does not dispute those facts, and it is clear that the jury had this defense argument fully before it for its consideration. Accordingly, we perceive no ineffective assistance of counsel in connection with Ms. Maupin's identification.

Eaton also argues that counsel was ineffective in failing to request a hearing to investigate an allegation of an improper communication with a juror, as required by Remmer v. United States, 347 U.S. 227 (1954). A relative of one of the jurors, who was in the courtroom watching the trial, commented at one point to FBI Agent Mike Beaver about Eaton's lack of credibility at trial. See Tr. of Jury Trial, Vol. IV at 771-73. When the observer/relative's comment was brought to the trial court's attention, the court admonished the jurors not to talk about the

case to each other and not to let other people talk about the case in their presence. Id. The court also admonished the relative not to talk to any juror, which, in fact, the relative denied having done. Id. at 774. We agree with the district court that, given the circumstances in which the alleged communication occurred, which Eaton does not dispute, no Remmer hearing was required. Counsel was accordingly not ineffective in failing to seek one.

Eaton next argues that counsel was ineffective in failing to request an in-person lineup prior to trial to challenge allegedly tainted out-of-court and in-court identification testimony. This argument again involves counsel's handling of the government's eyewitness, Carmen Maupin. As already noted, Ms. Maupin was a teller at NationsBank on July 13, 1998, when one of the robberies occurred. She identified Eaton in court as "robber 2." Tr. of Jury Trial, Vol. II at 442. She also testified to an earlier occasion when she saw Eaton on television after he had been arrested and recognized him. Id. at 442-44. Defense counsel elicited on cross-examination that Ms. Maupin had been unable to identify Eaton from a photo array presented to her by the police. Id. at 453-55. Eaton argues that "once counsel became aware that she could not pick [Eaton] out as a suspect, counsel should have requested an in-person lineup prior to trial." Pet'r's Application for COA at 14. We perceive no ineffectiveness in counsel's conduct involving Ms. Maupin. As indicated, defense counsel elicited before the jury all aspects of Ms.

Maupin's prior identifications of Eaton (and her inability to identify Eaton in a photo array). Eaton has simply failed to establish that there is a reasonable probability that the outcome of the trial would have been different had counsel sought an in-person lineup, or taken any other action with respect to Ms. Maupin.

Next, Eaton initially listed as an issue in his application to this court a claim that counsel was ineffective in failing to advocate Eaton's cause during sentencing. He presents no further argument on this issue in his COA application. We accordingly do not address this issue. [4]

Finally, Eaton argues that all of the above alleged errors of counsel cumulatively resulted in ineffective assistance of counsel. We have already concluded that the district court correctly found either no error in counsel's performance, or no prejudice resulting therefrom. Accordingly, the cumulative error argument also fails.

_____

[4]We presume his argument would be the same as the argument about his counsel's conduct during sentencing which he made to the district court, where he argued counsel was ineffective for failing to challenge the fact that the indictment did not contain the enhanced sentencing factors set forth in 18 U.S.C. §§ 924(e) and 3559. The district court addressed and rejected this argument. Were we to address it, we would reject it for the same reasons as did the district court.

## II. Speedy Trial Act Claim

Eaton argues his rights under the Speedy Trial Act were violated because he was not indicted within thirty days of the day of arrest, as required by 18 U.S.C. § 3161(b). As indicated above, even construing Eaton's application for a COA liberally, as we must because of his pro se status, it is clear that he presents this argument as a freestanding claim, and not as part of his ineffective assistance of counsel claim, as he did in the district court. Further, he does not argue any grounds as cause excusing his failure to raise this claim on direct appeal. The claim is accordingly barred. See Cox, 83 F.3d at 341. Alternatively, were we to consider the issue as part of Eaton's ineffective assistance of counsel claim, we would find it meritless, substantially for the reasons stated by the district court.

## III. §§ 1503 and 1512 Convictions

18 U.S.C. § 1503 makes it illegal for a person to "corruptly . . . endeavor[] to influence, obstruct, or impede, the due administration of justice." Eaton argues that the superseding indictment failed to state a violation of § 1503, and that he is therefore "actually innocent" of an offense in violation of that statute, because the three letters he wrote to people seeking help in establishing an alibi were written before the indictment against him was filed and the addressees were not witnesses. Thus, he apparently argues there was no ongoing proceeding involving

the "administration of justice" which he attempted to influence or impede. He also argues that the word "corrupt," as used in the jury instructions for the § 1503 charge, is unconstitutionally vague. He did not make these arguments to the district court. He only argued that § 1503 does not bar witness tampering. See R. Vol. 2, Doc. 148 at 7 (designated as p. 2). Although he may raise the issue of the sufficiency of the indictment to charge an offense for the first time on collateral review, see Marteney , 216 F.2d at 762, he may not raise a new issue for the first time on appeal from the district court. See Sac & Fox Nation , 47 F.3d at 1063. We accordingly do not address this issue. Alternatively, even if we were to address it as part of Eaton's ineffective assistance of counsel claim, we would find it meritless.

Eaton similarly argues that the conduct charged in counts eight and nine of the indictment does not establish a violation of 18 U.S.C. §§ 1512(b)(2)(B) and 1512(b)(1), and he is therefore "actually innocent" of violating those statutes. Those statutes make it illegal for a person to "knowingly use[] intimidation or physical force, threaten[], or corruptly persuade[] another person" to testify in a particular way or engage in certain conduct. 18 U.S.C. § 1512(b). Eaton appears to argue to this court, as he did to the district court, that the indictment does not suggest that he ever threatened, intimidated, physically forced or corruptly persuaded the person named in the indictment, Alva Sanders. We disagree.

Count eight of the indictment alleged that Eaton "knowingly attempted to corruptly persuade Alva Sanders to destroy letters Eaton had written to Teri Lyn Darby with the intent to cause and induce Alva Sanders to destroy the letters and with intent to impair their availability for use in official proceedings . . ." R. Vol. 2, Doc. 158 at Ex. A, p. 5. We agree with the district court that count eight clearly alleges a violation of § 1512(b)(2)(B). Further, as the district court also determined, the fact that the government actually named Alva Sanders, the "another person" referenced in the statute, does not render the indictment defective or insufficient. Eaton makes several new arguments before this court concerning his conviction under § 1512(b)(2)(B). [5] Since these arguments were not presented to the district court, we will not address them. See Sac & Fox Nation, 47 F.3d at 1063.

He similarly argues count nine of the indictment failed to state a violation of § 1512(b)(1), which charged him with attempting to persuade Teri Lyn Darby to give false or incomplete information to the Grand Jury. We agree with the district court that the language of the indictment tracks the language of the statute sufficiently and is not unclear or ambiguous. To the extent he makes arguments

[5]For example, Eaton's COA application to this court suggests an argument that there is insufficient evidence supporting his conviction under § 1512(b)(2)(B). He also appears to argue that the jury instructions on this count were ambiguous. Even if we were to address these arguments, we would find them meritless.

- 15 -

concerning his conviction under § 1512(b)(1) which were not raised below, we will not address them.  See Sac & Fox Nation , 47 F.3d at 1063.  Were we to address them, we would find them meritless.

**IV.  Evidence that Banks were F.D.I.C. Insured**

Finally, Eaton argues that the government failed to introduce evidence at trial that the banks Eaton was convicted of robbing were insured by the F.D.I.C. at the time of the robberies.  As indicated above, Eaton's application for a COA does not base this contention on an ineffectiveness of counsel claim.  Accordingly, this claim is procedurally barred because Eaton failed to raise it on direct appeal.  Were we to consider it as part of his ineffective assistance of counsel claim, as the district court did, we would find it meritless for the reasons set forth by the district court.

**CONCLUSION**

We have considered all of the arguments raised by Eaton in his application for a COA, and we conclude that none justify the issuance of a COA.  For the foregoing reasons, we DENY Eaton a certificate of appealability, DENY his request to proceed on appeal in forma pauperis, and DISMISS this appeal.  We

GRANT his motion to file an oversize brief.  We deny all other pending motions

not already addressed.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge