**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 3 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

WILLIAM GENE EATON,

Defendant-Appellant.

No. 02-6379
(D.C. No. CR-98-183-R)
(W. D. Oklahoma)

**ORDER AND JUDGMENT**

Before **EBEL** , **HENRY** , and **HARTZ** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In 1998 a jury found Defendant William Gene Eaton guilty of bank robbery, carrying a firearm during the commission of bank robbery, possessing a firearm

after a felony conviction, obstruction of justice, and tampering with witnesses. Defendant was sentenced to life in prison. The convictions and sentence were affirmed on appeal. *United States v. Eaton*, No. 99-6151, 2000 WL 293789 (10th Cir. Mar. 21, 2000) (unpublished). The district court denied Defendant's motion to vacate, *United States v. Eaton*, No. CR-98-183-R (W.D. Okla. Nov. 7, 2000), and this court denied his request for a certificate of appealability, *United States v. Eaton*, No. 00-6454, 2001 WL 1103675 (10th Cir. Sept. 20, 2001) (unpublished). Defendant now seeks the return of property taken from the vehicle he was driving when arrested on September 10, 1998.

The day after Defendant was arrested, the Oklahoma County Sheriff's Department inventoried the contents of the vehicle. The contents included clothing, eyeglasses, photographs, letters, and blankets. After being inventoried, the vehicle was transported to an impound lot owned by Ragsdale Towing. Two months later, Ragsdale sold the vehicle to recoup its storage and towing costs. Before the sale Ragsdale discarded all personal property contained in the vehicle.

Almost four years after the sale of the vehicle, Defendant moved under Federal Rule of Criminal Procedure 41(e) for return of the discarded property. The only evidence presented to the district court in connection with that motion was (1) a partial transcript of testimony by FBI Special Agent Thomas Carver, indicating that he had arrested Defendant while driving the vehicle in question;

(2) the Oklahoma County Sheriff's Department's inventory of the vehicle's contents; (3) FBI Special Agent Mike Beaver's description of his October 2002 investigation into the whereabouts of the vehicle and its contents, and his confirmation that Ragsdale Towing had sold the vehicle and discarded its contents; and (4) an October 26, 1998, notice of sale addressed to Defendant, advising that Ragsdale Towing intended to sell the vehicle to recover outstanding storage and towage fees.

The district court ruled this evidence insufficient to hold the federal authorities responsible for the property. It found that the sheriff's department, not federal authorities, had impounded the vehicle, and that Ragsdale Towing, under state authority, had sold the vehicle and discarded its contents. The court explained that federal authorities could not be held responsible because there was no evidence that federal authorities had directed the sheriff's department to impound the vehicle, no evidence that the federal authorities had actual or constructive possession of the vehicle and its contents, and no showing of a Fourth Amendment violation that the United States "might have an interest in vindicating." *United States v. Eaton*, No. CR-98-183-R (W.D. Okla. Oct. 30, 2002) (order denying motion for return of property). The district court also considered Defendant's motion moot because "[t]he Court cannot order the return of property which has been destroyed." *Id.* Accordingly, Defendant's motion was

denied. After the denial, Defendant filed a "traverse" to the Government's response, which the court struck as moot under its previous order.

On appeal Defendant contends, as he did in district court, that the federal authorities are responsible for the vehicle and its contents because the sheriff's department and Ragsdale Towing Service were acting at the direction of the federal authorities when they removed the vehicle from the place where Defendant was arrested. He also claims that the federal authorities had constructive possession of the vehicle and its contents because the state authorities obtained and held the vehicle as evidence in a case the federal government was prosecuting. Defendant says that it was disingenuous for the FBI to claim that it did not retain his vehicle to search it for evidence because at the time he was arrested, the FBI had not located the missing $34,000 or the guns used in the robbery.

In addition, Defendant makes several new arguments on appeal. First, he claims that once federal authorities had arrested him and had seized his property, he had a constitutional right to be notified that the property was to be forfeited. Second, he says that if the FBI does not return his property, it should be required to "make amends." Aplt. Br. at 1. Third, he says that the FBI should be compelled to produce a "procedure booklet" discussing the stop of get-away vehicles, the arrest of suspects, and the treatment of evidence taken from suspects

-4-

and their vehicles. *Id.* at 7. Because these arguments were not presented to the district court before it ruled, however, we decline to address them. *MacArthur v. San Juan County*, 309 F.3d 1216, 1225 (10th Cir. 2002).

"We review the district court's denial of . . . [a litigant's] motion for the return of property under Fed R. Crim. P. 41(e) for an abuse of discretion." *United States v. Deninno*, 103 F.3d 82, 84 (10th Cir. 1996). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Rule 41(e) can be used to petition federal authorities for the return of property seized by the state if (1) the federal government had actual possession of the forfeited property, (2) the federal government had constructive possession of the property because it was considered evidence in a federal prosecution, or (3) the "property was seized by state officials acting at the direction of federal authorities in an agency capacity." *Clymore v. United States*, 164 F.3d 569, 571 (10th Cir. 1999). An "assertion that federal authorities controlled the . . . investigation and were 'involved' in the seizures, without more, is insufficient to establish the extensive federal possession or control necessary to make Rule 41(e) the appropriate vehicle by which to recover the state-forfeited property." *Id.*

We agree with the district court that the evidence of federal involvement presented on Defendant's motion was insufficient to meet the *Clymore* standard. Accordingly, we affirm the district court's order denying the motion.

Defendant also filed in district court an application to proceed without prepayment of fees. The district court denied the motion, and Defendant renews his request on appeal. Because he has not shown "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991), we deny his request to proceed in forma pauperis.

We **AFFIRM** the district court's denial of Defendant's Rule 41(e) motion, and **DENY** Defendant's motion to proceed in forma pauperis.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge