**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 25, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

WILLIAM GENE EATON,

Defendant-Appellant.

No. 06-6328
(D.C. Nos. 98-CR-00183-R and
06-CV-00227-R)
(W.D. Oklahoma )

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY, McCONNELL**, and **GORSUCH**, Circuit Judges.

Defendant Eaton, proceeding *pro se*, requests a certificate of appealability

("COA") to appeal the district court's September 28, 2006 Order dismissing his

"petition for relief under Fed. Rule Civ. Proc. Rule 60(b)(4)." Because Defendant

has failed to make "a substantial showing of the denial of a constitutional right,"

*see* 28 U.S.C. § 2253(c)(2), we deny his request for COA and dismiss the appeal.

In 2000, Defendant filed his first 28 U.S.C. § 2255 motion under the

Antiterrorism and Effective Death Penalty Act ("AEDPA") challenging his 1999

conviction and sentence. The motion was denied by the district court. On appeal,

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.

this court denied COA and dismissed. *See United States v. Eaton*, 20 Fed. Appx. 763 (10th Cir. 2001). In 2005, Defendant filed an unauthorized second § 2255 motion in the district court raising a new claim as to his 1999 sentence. In a June 2, 2006 Order, the district court transferred the unauthorized § 2255 motion to this court pursuant to *Coleman v. United States*, 106 F.3d 399, 341 (10th Cir. 1997) (*per curiam*).

On September 20, 2006, Defendant filed a "petition for relief under Fed. Rule Civ. Proc. Rule 60(b)(4)," challenging the June 2, 2006 Order of transfer as "improper" and requesting the order be vacated. In a September 28, 2006 Order, the district court dismissed Defendant's Rule 60(b)(4) motion, finding that it was correct in transferring his unauthorized § 2255 motion to this court. Defendant appeals.

The Rule 60(b)(4) motion filed by Defendant constituted a "true Rule 60(b)" challenging a perceived defect in the integrity of the district court's June 2, 2006 Order. *See Gonzalez v. Crosby*, 545 U.S. 524, 532-33 (2005); *United States v. Nelson,* 465 F.3d 1145, 1147-48 (10th Cir. 2006). Defendant may appeal the dismissal of his Rule 60(b)(4) motion only if a COA is issued. *See* § 2253(c)(1). To make the requisite showing, Defendant must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *See Miller-EL v. Cockrell*, 537 U.S.

322, 336 (2003) *(quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted).

Second or successive § 2255 motions cannot be filed in the district court until this court has granted the required authorization under the AEDPA. *See United States v. Nelson*, 465 F.3d at 1148. Because Defendant filed his unauthorized second § 2255 motion, raising a new sentencing claim, before obtaining authorization from this court, the district court properly recognized it lacked subject matter jurisdiction to decide the unauthorized § 2255 motion and acted correctly in transferring the unauthorized § 2255 motion to this court.

Having reviewed Defendant's application for COA, appellate brief, and the record on appeal, we conclude that the district court did not abuse its discretion in dismissing Defendant's Rule 60(b)(4) motion. No reasonable jurist would disagree.

Accordingly, the application for COA is **DENIED.** The motion to proceed *in forma pauperis* is **DENIED**. The motion for summary judgment is **DENIED**. The appeal is **DISMISSED**.

ENTERED FOR THE COURT
PER CURIAM