FILED
United States Court of Appeals
Tenth Circuit

August 20, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

WILLIAM GENE EATON,

Defendant-Appellant.

No. 12-6089
(D.C. No. 5:98-CR-00183-R-1)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **MURPHY**, **EBEL**, and **HARTZ**, Circuit Judges.

Defendant William Gene Eaton, a federal prisoner appearing pro se, seeks a

certificate of appealability (COA) to appeal the district court's dismissal of his

motion to vacate all of the rulings in his criminal case. We deny a COA and dismiss

the appeal.

Mr. Eaton was convicted in 1998 of two counts of armed bank robbery;

carrying a firearm during and in relation to a crime of violence; possessing a firearm

after a former felony conviction; three counts of obstruction of justice; and two

counts of tampering with a witness. He was sentenced to life imprisonment and his

---

[*]     This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

conviction and sentence were affirmed on direct appeal. *United States v. Eaton*, No. 99-6151, 2000 WL 293789, at \*1 (10th Cir. Mar. 21, 2000). He filed his first 28 U.S.C. § 2255 motion in 2000, claiming his indictment was deficient and raising numerous claims of ineffective assistance of counsel. The district court denied this § 2255 motion, and we denied Mr. Eaton a COA. *United States v. Eaton*, 20 F. App'x 763, 772 (10th Cir. 2001).

Before a federal prisoner may file a second or successive § 2255 motion, the prisoner must first obtain an order from the circuit court authorizing the district court to consider the motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Any post-conviction motion filed after an initial § 2255 motion will be treated as a successive § 2255 motion—and thus must comply with § 2255(h)'s authorization requirement—if it in substance or effect asserts or reasserts a federal basis for relief from the prisoner's conviction. *See United States v. Nelson*, 465 F.3d 1145, 1148-49 (10th Cir. 2006) ("It is the relief sought; not [the] pleading's title, that determines whether the pleading is a § 2255 motion.").

Mr. Eaton attempted to file an unauthorized second or successive § 2255 motion in 2006, but the district court transferred the matter to this court and we denied him authorization. In 2008, Mr. Eaton again sought to file an unauthorized second or successive § 2255 motion, which the district court dismissed for lack of jurisdiction. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive

- 2 -

§ 2255 . . . claim until this court has granted the required authorization."). Mr. Eaton filed another motion in 2008 that the district court determined was another attempt to file an unauthorized second or successive § 2255 motion and transferred to this court. Mr. Eaton did not seek authorization to file his motion, but instead sought a remand, which we denied. In 2010, Mr. Eaton filed a motion to set aside his judgment, which the district court again construed as an attempt to file an unauthorized second or successive motion and dismissed for lack of jurisdiction.

Most recently, Mr. Eaton filed a Fed. R. Civ. P. 60(b) motion in March 2012. In it, he again challenged his 1998 conviction, claiming, as he did in his first § 2255 motion, that his indictment was deficient and that his counsel was ineffective. The district court again determined it was an unauthorized § 2255 motion and dismissed it for lack of jurisdiction. Mr. Eaton appeals.

When a district court dismisses a § 2255 motion for lack of jurisdiction, the prisoner must obtain a COA to appeal. *United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). In order to obtain a COA, Mr. Eaton must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Mr. Eaton's Rule 60(b)-labeled motion was correctly treated by the district court as a second or successive claim because it asserted, in substance and effect, a federal basis for relief from his 1998 conviction, rather than

challenging the integrity of his original § 2255 proceeding. *See United States v. Pedraza*, 466 F.3d 932, 933 (10th Cir. 2006) (explaining when a Rule 60(b) motion must comply with § 2255(h)'s authorization requirements).

Because no reasonable jurist would find the district court's decision debatable, we DENY the requested COA. The appeal is DISMISSED. The request for leave to proceed in forma pauperis is DENIED.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

- 4 -