FILED
United States Court of Appeals
Tenth Circuit

January 4, 2013

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff – Appellee,

v.

WILLIAM GENE EATON,

      Defendant – Appellant.

No. 12-6262
(D.C. No. 5:98-CR-00183-R-1)
(W.D. Okla.)

## ORDER AND JUDGMENT[*]

Before **LUCERO**, **O'BRIEN,** and **MATHESON**, Circuit Judges.

William Gene Eaton, a federal prisoner appearing pro se,[1] seeks a certificate of

appealability ("COA") to challenge the district court's denial of his Fed. R. Civ. P. 60(b)

motion on the ground that the motion was untimely. Mr. Eaton's Rule 60(b) motion

asked the district court to set aside a November 2000 order denying his 28 U.S.C. § 2255

---

     **\***After examining Appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

     [1] Because Mr. Eaton is proceeding pro se, we construe his pleadings liberally. *See*
*United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). "[T]his rule of liberal
construction stops, however, at the point at which we begin to serve as his advocate." *Id*.

petition for habeas relief.  The motion relied on Rules 60(b)(4) and (6).  Exercising

jurisdiction under 28 U.S.C. § 1291, we deny a COA as to the Rule 60(b)(6) motion.  We

grant a COA as to the Rule 60(b)(4) motion and affirm the district court on the alternative

ground that the motion lacked merit.[2]

In 1999, a jury in the Western District of Oklahoma convicted Mr. Eaton of two

counts of bank robbery, one count of using a firearm during a crime of violence, one

count of being a felon in possession of a firearm, and several counts of obstruction of

justice and witness tampering.  We affirmed his convictions and life sentence on direct

appeal.  *United States v. Eaton*, No. 99-6151, 208 F.3d 227 (10th Cir. Mar. 21, 2000)

(unpublished table).

In 2000, Mr. Eaton filed a § 2255 habeas petition claiming, inter alia, ineffective

assistance of counsel based on four alleged errors, including failure to seek dismissal

because of the Government's allegedly unexcused failure to file the indictment within 30

days of his arrest.  The district court analyzed this argument as a Speedy Trial Act

objection.  It denied relief on all grounds in a 27-page order.  *United States v. Eaton*, CR-

98-183-R (W.D. Okla. Nov. 7, 2000) ("November 2000 order").  We denied Mr. Eaton's

application for a COA.  *United States v. Eaton*, No. 00-6454, 20 F. App'x 763 (10th Cir.

---

[2] We do not address Mr. Eaton's request to proceed *in forma pauperis* ("*ifp*").  The district court has granted an *ifp* motion Mr. Eaton filed in that court, rendering the *ifp* request filed here moot.

Sept. 20, 2001) (unpublished).[3]

In October 2012, Mr. Eaton filed a motion under Rules 60(b)(4) and (6) of the Federal Rules of Civil Procedure asking the district court to reconsider its nearly 12-year-old decision denying his § 2255 petition. He argued, pursuant to Rule 60(b)(4), that the November 2000 order is void for incompleteness. He asserted that his § 2255 petition had raised a claim that the Government's preindictment delay violated his due process rights and deprived the trial court of jurisdiction, and that the district court erroneously construed these arguments as a Speedy Trial Act claim. He contended that, by failing to address his actual claims, the court's order denying his petition was incomplete. Mr. Eaton offered no argument specific to Rule 60(b)(6).

Mr. Eaton's motion represents a "true" claim for Rule 60(b) relief, rather than a second or successive § 2255 motion, because he asserted that "the district court failed to consider one of his habeas claims." *See Spitznas v. Boone*, 464 F.3d 1213, 1225 (10th Cir. 2006). The district court denied the motion because it was not brought within a reasonable time as required by Rule 60(c). *United States v. Eaton*, No. CR-98-183-R (W.D. Okla. Oct. 5, 2012). Mr. Eaton asks this court for a COA to appeal this denial.

---

[3] Mr. Eaton has since filed a number of motions raising various new and old claims attacking his conviction and sentence. None has been successful in the district court or in this court. *See United States v. Eaton*, No. 12-6089, 475 F. App'x 710 (10th Cir. Aug. 20, 2012) (unpublished); *In re Eaton*, No. 08-6086, slip op. (10th Cir. July 25, 2008); *In re Eaton*, No. 07-6296, slip op. (10th Cir. Feb. 20, 2008); *United States v. Eaton*, No. 06-6328, 223 F. App'x 798 (10th Cir. Apr. 25, 2007) (unpublished); *Eaton v. United States*, No. 06-6198, slip op. (10th Cir. July 12, 2006); *Eaton v. United States*, No. 5:06-CV-00227-R, slip op. (W.D. Okla. Jun. 2, 2006).

*See* 28 U.S.C. § 2253(c)(1)(B) (requiring a COA to appeal a final order in a proceeding under § 2255); *Spitznas v. Boone*, 464 F.3d at 1217-18 (a COA is required to appeal a Rule 60(b) motion in a habeas case).

A COA may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Spitznas*, 464 F.3d at 1225. To make the requisite showing, Mr. Eaton must show "that reasonable jurists could debate whether (or for that matter, agree that) the petition [(here, the Rule 60(b) motion)] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted).

A Rule 60 motion must be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1); *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). This reasonable time frame applies to motions brought under Rule 60(b)(6). *Spitznas*, 464 F.3d at 1225. A movant must show "extraordinary circumstances justifying the reopening of a final judgment." *Gonzalez*, 545 U.S. at 535 (quotations omitted). We agree with the district court that Mr. Eaton's Rule 60(b)(6) motion was not brought within a reasonable time. The motion was filed nearly 12 years after the denial of his original § 2255 petition, and he has since filed numerous motions without raising this claim. He has alleged no extraordinary circumstances justifying reopening of the judgment, and we do not find any. We therefore deny COA as to the Rule 60(b)(6) motion.

The law is different with respect to Rule 60(b)(4). This subsection allows a court

-4-

to grant relief from a final judgment if "the judgment is void." Fed. R. Civ. P. 60(b)(4). We have held that a motion brought under Rule 60(b)(4) "may be brought at any time." *Spitznas*, 464 F.3d at 1225; *Orner v. Shalala*, 30 F.3d 1307, 1310 (10th Cir. 1994). Thus, jurists of reason could debate whether (or agree that) the Rule 60(b)(4) motion should have been resolved in another way, and we therefore grant a COA on that issue. *See Miller-El*, 537 U.S. at 336. Having granted a COA, we find that the district court should have addressed the merits of the Rule 60(b)(4) motion. We nonetheless affirm the district court on the alternative ground that Mr. Eaton's Rule 60(b)(4) motion lacked merit.

We have carefully reviewed Mr. Eaton's original § 2255 petition and related filings.[4] The petition explicitly relied on Speedy Trial Act grounds in its arguments regarding the timing of the indictment: "Ground Three: (C) Government failed to timely indict under, [sic] 'Speedy Trial Act', [sic] pursuant to [18] U.S.C. 3161-3174." Petition Under 28 U.S.C. § 2255 at 8, *United States v. Eaton*, CR-98-183-R (W.D. Okla. filed July 10, 2000). The petition's brief allusions to jurisdiction and procedural fairness with respect to the indictment were made in reference to the Speedy Trial Act's 30-day time limitation—an issue that was thoroughly analyzed in the district court's November 2000 order.

---

[4] Petition Under 28 U.S.C. § 2255, *United States v. Eaton*, CR-98-183-R (W.D. Okla. filed July 10, 2000); Motion to Amend, CR-98-183-R (filed Aug. 18, 2000); Second Motion to Amend, CR-98-183-R (filed Aug. 28, 2000). This court was not provided copies of these materials as part of the record in this appeal. We exercise our discretion "to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand." *United States v. Pursley*, 557 F.3d 1204, 1214 n.6 (10th Cir. 2009).

Finding the November 2000 order to be complete, we affirm the district court's

denial of Mr. Eaton's Rule 60(b)(4) motion and deny his motion to remand.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge